IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CLAUDE M. KOONTZ, JR. <br><br> Plaintiff <br><br> v. <br><br> Missouri Department of Mental Health; Mid-Missouri Mental Health Hospital; Ronald Leay, M.D., Cheif of Staff; Eli Beckholder, Sheriff's Deputy. <br><br> Defendants. | Case No. 08-4261-CV-C-NKL |

## Civil Rights Complaint

Comes Now, Plaintiff Claude Koontz, pro se, pursuant to F.R.C.P., Rule 4, and Title 42 United States Code Annotated, section 1983, et seq; and hereby submits his complaint contending that the aforementioned defendants did in fact violate the Plaintiff's rights guaranteed under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## Jurisdiction and Venue

This Honorable Court has jurisdiction and venue pursuant to Title 28 United States Code Annotated, et seq, and that all events herein occurred within the United States of America and the State of Missouri.

## PARTIES

1. Defendant Missouri Department of Mental Health (hereinafter named Dept. of Mental Health) is an agency of the State of Missouri, formed under color of state law, located at 1706 E. Elm, Jefferson City, MO.

2. Defendant Mid-Missouri Mental Health Hospital (hereinafter called MMMHC) is an entity of the Missouri Department of Health and formed under color of state law and located at #3 Hospital Drive, Columbia Missouri.

3. Defendant Ronald Lacy, M.D., is the Chief of Staff for MMMHC and is, has or had care and custody of the Plaintiff Claude Koontz. He is being sued in his professional and individual capacities and is an employee under color of state law.

4. Defendant Eli Barkholder, Sheriff's Deputy, Boone County Missouri, is at all times relevant to this complaint a defendant employed by the Boone County Sheriffs Department and being sued in his individual and official capacities and is employed under color of state law.

5. Plaintiff Claude Koontz is, at all times relevant to this complaint a patient/inmate at the Mid-Missouri Mental Health Center, under the care and custody of Defendant Ronald Lacy, M.D., at the Mid Missouri Mental Health Center. Plaintiff resides at 4823B Meadow Lark Lane, Columbia Missouri, 65201.

## STATEMENT OF FACTS

6. On or about October 9, 2008, the Plaintiff - after an approximate period of sobriety of 11 months - relapsed at his home located at 4623 B Meadow Lark Lane, Columbia, Missouri 65201, and consumed one (1) pint of tequila.

7. Plaintiff's girlfriend, Monica Stampini, became angry and also began to consume alcohol.

8. An argument ensued between the two individuals; however, the argument was interrupted when the plaintiff fell and struck his head while chasing one of the couples pets.

9. When the Plaintiff realized he had sustained an abrasion that was bleeding on his forehead he became aggravated and told his girlfriend he was calling the Sheriff's Department and request that he be removed from the premises in order to "sober up" before "things" got out of hand.

10. When Defendant Bockholdt and another deputy arrived the Plaintiff was waiting outside the premises.

11. When questioned about the reason for the call Plaintiff Kountz explained his relapse and ensuing argument. He was met with overwhelming skepticism by the Defendants.

12. When asked where the Plaintiff wanted to go he explained that he "had" in the past been taken to MMMHC because of suicidal threats, ...

12 (cont) however, he was not currently having suicidal thoughts and thought perhaps a 12hr "hold" would be a good course of action.

13. Defendant Burkholder persisted in questioning the Plaintiff about his prior admission(s) to MMMHC and the reasons for said admissions.

14. At the point in which Plaintiff Koontz stated he had several times considered or threatened suicide, Defendant Burkholder told the Plaintiff to place his hands behind his back and he was being detained for his own safety.

15. Upon questioning Defendant Burkholder about his intentions, the Defendant stated that due to the Plaintiff's oral admissions concerning suicidal thoughts and his "self inflicted injury" he was being placed in custody and transported to MMMHC.

16. After a brief stay in the Emergency Department at the University of Missouri Hospital, where the plaintiff continued to express that he only needed to "sober up" and not be placed in the custody of the MMMHC, plaintiff was taken to MMMHC at place under a 96 Hold which was achieved via An Application For 96 Hour Imminent Harm Admission, which was incoherent and incomplete and signed by Defendant Burkholder; constituting an illegal detention by the defendant.

17. The Mid Missouri Mental Health Center now having care and custody of the plaintiff had the duty to ensure that this defendants' statements concerning "imminent harm" were valid but did not make any attempt to question the plaintiff, his girlfriend, Monica Skompini, or any other potential witness. Therefore, the staff of MMMHC did not use "due diligence" in determining what, if any, threat the plaintiff represented, thereby seizing the plaintiff's liberty without due process of the law.

18. Once confined on "Hall 2 South" the plaintiff was given a "yellow" sheet entitled "Notice of Rights of Involuntary Patient". This sheet contained language that included the name, address, phone number of his legal representative. The plaintiff called the legal representative and left a lengthy message; to-date, plaintiff has heard no reply, this again is a violation of plaintiffs' First, Fifth and Sixth Amendments to the U.S Constitution.

19. Furthermore, in lieu of legal representation plaintiff is entitled the same benefits as a prisoner confined within the Dept. of Corrections, namely access to law materials. There are no law books, articles or materials available to the patients involuntarily confined to MMMHC.

20. Plaintiff made his concerns and complaints known to a number of staff members either by providing written excerpts of this document or orally. Moreover, plaintiff left extensive messages for his attorney, legal representative appointed by the Department of Mental Health, Mr. Brian Siseth.

Wherefore, plaintiff respectfully requests this Honorable Court to grant relief in the following form:

1) Compensatory Damages in the amount of $250,000.00;
2) Punitive Damages in the amount of $250,000.00;
3) Injunctive Relief;
4) Such other relief this court deems necessary.

Clarke Koonte    10/13/08

NAME AND DATE

My expiration expires.

(6)