IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

CLAUDE KOONTZ )
)
    PLAINTIFF/ )
    APPELLANT, )
)
)
v. )
) Case No.: 08-4261-CV-C-NKL
)
Missouri Department of )
Mental Health, et al, )
)
    DEFENDANTS. )
)

## NOTICE OF APPEAL TO THE EIGHT CIRCUIT

Appellant, Claude Koontz, represents:

1. This is an appeal from the Order denying both the Appellant's Motion for Leave to Proceed In Forma Pauperis and the Appellant's Motion to Amend the Complaint Cause No. **08-4261-CV-C-NKL**, entered December 12, 2008, wherein pursuant to Rule 4, Federal Rules of Appellate Procedures and gives Notice of Appeal to the Eighth Circuit Court of Appeals contending that the Order of the Honorable Scott O. Wright, dated December 12, 2008, was arbitrary, an abuse of discretion and without legal merit.

2. Exclusive jurisdiction lies with this Honorable Court pursuant to the U.S. Constitution and Federal Law.

3. Issues on appeal will be those contained in the Motion for Leave to Amend Complaint and the Amended Complaint, attached to this notice and incorporated herein by reference.

4. The parties to the appeal are as follows: Appellant: Claude Koontz, pro se; the Defendants: Missouri Department of Mental Health; Mid-Missouri Mental Health Center; Ronald Lacy, M.D., Chief of Staff for the Mid Missouri Mental Health Center. Plaintiff is unaware of any Counsel representing the aforementioned Defendants.

1

                              Appellant,

                              _____
                              Claude Koontz
                              4823B Meadow Lark Ln.
                              Columbia, Missouri 65201

### Certificate of Service

I, Claude Koontz, hereby swear and attest that a true and correct copy of the foregoing document was mailed, postage prepaid on this the 16th day of December, 2008, to:

General Counsel
Mid Missouri Mental Health Center
# 3 Hospital Drive
Columbia, MO 65201-1300

                              _____
                              Claude Koontz

IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| CLAUDE M. KOONTZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.: 08-4261-CV-C-NKL |
| Missouri Department of Mental Health; Mid-Missouri Mental Health Center, Ronald Lacy, M.D., et al. | ) | |
| Defendants. | ) | |

FIRST AMENDED CIVIL RIGHTS COMPLAINT

Comes now, plaintiff Claude M. Koontz, in accordance with Rule 4, F.R.C.P., and pursuant to Title 42 § 1983, with his Civil Rights Complaint contending that the above named defendants acting under Color of State Law did willfully violate plaintiff's rights guaranteeing him the ability *to petition the government for a redress of grievances* under the First Amendment to the United States Constitution, as well as to have the assistance of counsel and access to the courts as provided by the Sixth Amendment of the United States Constitution and to be provided *equal protection under the law.*

Jurisdiction and Venue

This Honorable Court does have jurisdiction and venue pursuant to Title 28 U.S.C.A. in that the matter of contention brings forth a question of Federal Law and that the monetary relief sought exceeds $1, 000,000.00 USD. Furthermore, both the Plaintiff and the Defendants and Defendant agencies reside within the bounds of the State of Missouri and are all citizens of the United States of America.

1

## Parties

1. Plaintiff Claude Koontz was at all times relevant to this complaint, a voluntary, involuntary and confined patient at the Mid Missouri Mental Health Center under the care and custody of its staff, administration and Ronald Lacy, M.D. The Plaintiff is also a citizen of the United States, the State of Missouri and resides in the County of Boone at 4823B Meadow Lark Lane, Columbia, Missouri 65201.

2. Defendant Missouri Department of Mental Health (hereinafter Department of Mental Health) is an entity of the State of Missouri and as such has the power to sue and to be sued. The Defendant was formed under color of state law and is located at 1706 East Elm, Jefferson City, Missouri.

3. Defendant Mid Missouri Mental Health Center (hereinafter MMMHC) is an entity of the State of Missouri under the authority of the Department of Mental Health and as such has the power to sue and to be sued. The Defendant was formed under color of state law and is located at #3 Hospital Drive, Columbia, Missouri 65202.

4. Defendant Ronald Lacy, M.D., at all times relevant to this complaint is the Chief of Staff for MMMHC and is a citizen of the State of Missouri and is employed by the State of Missouri and is being sued in both his individual and official capacities.

## Statement of Facts

5. On or about November 20, 2007, the Plaintiff was involuntarily admitted to MMMHC for psychiatric evaluation and later released from custody on or about December 7, 2007.

6. On or about October 9, 2008, the Plaintiff was involuntarily admitted to MMMHC for psychiatric evaluation and later released on or about October 16, 2008.

2

7. During the Plaintiff's confinement on both occasions he repeatedly requested access to law materials to research both State and Federal issues regarding his confinement, the conditions of his confinement and the Constitutionality of many collateral issues such as voting rights in both State and Federal Elections.

8. On multiple occasions during the Plaintiff's confinement he questioned staff members of MMMHC about his concerns outlined in paragraph 7 and was told that he had been provided with documents outlining his rights (two or three pages) and that he had also been provided with the name and number of a local attorney assigned to his case.

9. The Plaintiff reviewed the documents outlined in paragraph 8 and did find that the name and phone number of a local attorney had been provided.

10. The Plaintiff made multiple attempts to contact the assigned attorneys and was eventually successful at making contact.

11. During the short conversations that the Plaintiff had with his assigned counsel he was told numerous times that the assigned counsel's limited duties only included representation as it related to his confinement and nothing more.

12. Upon the Plaintiff's further inquiries as to the conditions of confinement and any concerns about such collateral issues as legal matters aside from his confinement or access to law materials or assistance of counsel in those matters, the Plaintiff was told that these matters were beyond the realm of the assigned counsel's duties.

13. The Plaintiff then returned to the staff and again requested access to basic law books such as the Missouri Rules of Court, Federal Rules of Civil Procedure, as well as

3

Missouri State Statutes and Court Reporters. The Plaintiff's requests were outright denied and told he could file a grievance.

14. The Plaintiff did file numerous grievances and in every instance his grievances were summarily denied by staff members and was told on more than one occasion that pursuing said grievances would reflect poorly during "patient staffings,"—the meeting between the doctors, staff and patient that determined the length of time a patient could be held.

15. The Plaintiff felt that he was being coerced and succumbed to the "suggestions not to pursue these matters." The Plaintiff was thereafter given the grievance forms and told that he would have to tear them up in front of the staff member present. The Plaintiff complied.

16. The Plaintiff conferred with numerous other "patients" while confined to MMMHC and explained his intent to pursue legal action. Many of the patients the Plaintiff spoke with were articulate and educated; however, fearful of reprisals from staff members and asked for anonymity but stated that if given the chance they would testify to the facts as mentioned in the previous paragraphs.

17. As of the date of Plaintiff's final discharge there had been no accommodations made for those patients requiring additional legal materials or assistance for matters collateral to their respective incarcerations.

18. On more than three occasions the Plaintiff requested the intervention of Defendant Ronald Lacy, M.D., and on at least one occasion was told that Defendant Lacy had been informed of the Plaintiff's request to speak with him but declined to do so. Thereby,

4

Defendant was aware of the Plaintiff's continuing problems and knew or should have known the actions of his subordinates were unlawful.

19. The Plaintiff's inability to conduct legal research did lead in great part to the Plaintiff's April, 2008, conviction in Cooper County, Missouri of 3rd Degree Assault, which had been the initial rationale for the Plaintiff's involuntary detainment at MMMHC in November 2007.

WHEREFORE, Plaintiff Claude Koontz, respectfully requests that this Honorable Court grant the following relief:

1. Declaratory Judgment;

2. Injunctive Relief;

3. Compensatory Damages in the amount of $250.00 per day of each incarceration;

4. Punitive Damages in the amount of $2,000,000.00 and;

5. Any and all relief this Honorable Court deems necessary.

Respectfully Submitted,

Claude Koontz
4823 B Meadow Lark Lane
Columbia, MO 65201
314-779-7594